## Siler et ux. v. Cannon.

June 20, 1939.

J. J. Tye, Judge.

J. B. Johnson for appellants.

Stephens & Steely for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This suit was filed by the appellee, Eliza Mae Cannon, against D. W. Siler, one of the appellants, in March, 1937. She alleged that she and Siler were the owners of adjoining tracts of land located on the waters of Mud Creek, in Whitley county; that many years ago both tracts of land had belonged to John Siler and that after his death his son, Wimer, came into possession of the portion of the farm now owned by D. W. Siler, and that another son, G. A. Siler, became the owner of the portion of the farm which she now owns; that these brothers agreed upon a conditional line between the tracts of land now owned by the parties to this suit; that deeds to the two tracts of property have referred to the conditional line; that within 10 days before the filing of this suit D. W. Siler came upon her side of the conditional line and within her fenced boundary and plowed up an acre or more of her land; that there had been a fence maintained along the conditional line for more than 40 years; that Siler was threatening to continue trespassing upon the land; that the trespasses complained of had been purposely and willfully committed; and that she was entitled to recover actual damages to compensate her for the alleged trespasses and also punitive damages. She prayed that Siler be enjoined and restrained from entering upon or committing further trespasses upon her land, and that she recover the sum of $250 as compensatory and punitive damages.

An answer, counterclaim and cross-petition was filed by D. W. Siler and his wife, Christine Siler, the

other appellant. Siler denied that he was the owner of the land, but admitted that he had once owned the land on the east side of the conditional line. He stated that he had conveyed his portion of the land to his wife, Christine Siler, some 14 or 15 years before the suit was filed. In the second paragraph of their answer the appellants set forth for further answer, defense, counterclaim and cross-petition that Christine Siler was a necessary party to the action, and asked that she be allowed to intervene and assert her right to the land in controversy. Christine Siler alleged that she and those under whom she claimed title had been the owners of the strip of land in question for more than 40 years, and that they had been claiming it peacefully to a well-marked and plainly defined boundary against Eliza Mae Cannon and all of those under whom she claims. She set forth further that she had had the conditional line surveyed prior to the filing of the suit, and that the recently run line between the point near Mud Creek road to the mouth of the ditch referred to in the deeds included the land in dispute. Christine Siler prayed that she be declared the true and lawful owner of the parcel of land in dispute, which land she claimed to be on the east side of the conditional line.

In her reply the appellee denied the affirmative allegations of the answer and alleged that she and those under whom she claimed title have been the actual owners of the parcel of land in question, being that strip of land between the straight line and the old established conditional line, for more than 40 years. In the second paragraph of her reply she set forth as a defense to the allegations in the second paragraph of the appellants' answer, counterclaim and cross-petition that on the 2d day of April, 1896, and at the time Christine Siler claimed to have acquired the land by deed from her co-defendant husband, D. W. Siler, or at any or all times prior to the filing of the answer, she and those under whom she claimed title had been in the actual, open, notorious, peaceful and adverse possession of the parcel of land claimed by the Silers as lying between the straight line and the old conditional line. She set forth further that a substantial fence had been maintained along the conditional line called for in all the deeds for a period of more than 50 years and that any deed purporting to claim any land within her fenced boundary was champertous and void. In their surrejoinder to the

reply the appellants denied the affirmative matters therein.

On January 14, 1938, the appellee filed an amended petition in which she alleged that, since the institution of the suit, the appellants had cut down a tree and made an embankment across Mud Creek, the effect of which was to "check, impede and divert the flow of said creek from its regular channel across a nook of her land," and that the waters of said creek being so diverted have cut and washed away a channel through her bottom land, thereby injuring and damaging her said land and the value thereof at least in the sum of $100; and that the acts complained of had been done for the purpose of diverting the natural flow of the creek so that the said nook of land would be cut off and placed on the side of the creek adjoining the Silers' other lands. By agreement the affirmative allegations in the amended petition were controverted of record.

The disputed conditional line is referred to in the Wimer Siler chain of deeds as follows: "Thence with an agreed line between Wimer Siler and G. A. Siler a N course crossing the creek to the mouth of a ditch." It is referred to in the G. A. Siler chain of deeds as running in the opposite direction as follows: "Thence a Southeasterly course with D. W. Siler and with the Wimer and G. A. Siler old dividing line to a white oak at the county road."

There is no dispute about the location of the white oak point on the south side of the Mud Creek road or as to the point at the mouth of the ditch emptying into Mud Creek. The line which the appellants had surveyed and which they claimed to be the correct location of the conditional line is a straight line between these two points. The fence along the line claimed by the appellee, proceeding in a northwardly direction from the white oak on the south side of the Mud Creek road, runs to the creek and thence down the creek on the west side to a point opposite the mouth of the ditch. As pointed out above there is approximately an acre of land in dispute.

After the taking of considerable proof and upon submission of the case it was adjudged that the line separating the farms of the appellants and the appellee begins at the white oak point on the south side of the Mud Creek road, "thence crossing said road and run-

ning with the old fence referred to in the pleadings and evidence herein N 25 W 512 feet more or less to Mud Creek, thence down and with the meanders of Mud Creek to the mouth of the ditch mentioned in the deed and evidence herein.'' The appellants were restrained from entering upon the appellee's lands on the west side of the line as determined by the trial court. It was further adjudged that the appellee recover of the appellants the sum of $35 for the trespasses committed on the appellee's land and for the cutting of the tree and the diversion of the flow of the waters from the channel of the creek. The appellants objected and excepted to this judgment and prayed an appeal to this Court which was granted and is herein prosecuted. The appellee has been granted a cross-appeal from that part of the judgment which allowed her only $35 in damages for the trespasses complained of.

The appellants are urging reversal upon the following grounds:

''(1) The plaintiff did not plead or prove a cause of action as to any part of the tract of land; (2) If we are in error on the above, then we submit that there is no pleading or proof to sustain the judgment as it is written because the judgment includes more than that is included in the pleading or proven in the case; (3) There is absolutely a failure to prove any cause of action for damages against the defendant.''

We do not deem it necessary to make an extensive review of the proof as to the conditional line between the two farms. The deeds in which this line is referred to speak for themselves. While there is sharp conflict on certain points, we think that the preponderance of the evidence shows that a fence was maintained for 40 years or more from the Mud Creek road to the creek on or about the line claimed by the appellee. There is evidence that there was a rail fence along this line at one time which was later replaced with a plank fence, which in turn was replaced with a woven wire fence. The testimony for the appellee shows that this wire fence was built about 1919, while the appellants claim that the fence was built several years earlier. Siler contends that he built the fence along this line in order to fence in his orchard for his hogs. There is also proof that a fence was constructed and maintained in some fashion

on down along the creek to the point where the line crosses over to the mouth of the ditch. Some of the fence along the creek appears to have been made of boards nailed to trees, while in other places woven wire was nailed to trees. There is also some proof that at times a part of this fence along the creek was composed of barbed wire nailed to trees and posts.

The material phases of the pleadings have been included herein because of the appellants' first ground for urging reversal. It is obvious that there is no basis for this ground. The appellants claimed the land to the straight line recently run between the white oak point near Mud Creek Road to the mouth of the ditch. The appellee denied that the straight line was the conditional line which had been agreed upon by Wimer Siler and G. A. Siler, and she claimed that the land in dispute belonged to her. As indicated, we think the proof clearly established that the agreed or conditional line followed the course claimed by the appellee. We find no basis for the appellants' contention that the conditional line was a straight line between the white oak point near Mud Creek Road and the mouth of the ditch. In the case of Hylton v. Combs, 229 Ky. 1, 16 S. W. (2d) 754, it was pointed out that the actual marking of a boundary line on the ground (as the established fence in the case at bar) overcomes the presumption that a straight line is intended.

We can not agree with the appellants' interpretation of the trial court's judgment. We think that the pleadings, the proof and the deeds show conclusively that the conditional line which has been fenced for many years ran from the Mud Creek Road near the white oak point to the creek, then down the creek on the west side following the meanders of the creek to a point opposite the mouth of the ditch, and then across the creek to the mouth of the ditch. We so interpret the trial court's ruling. The judgment in effect says that the line begins at the white oak point south of Mud Creek Road, then crosses the road "running with the old fence" to Mud Creek, "thence down and with the meanders of Mud Creek to the mouth of the ditch." As indicated, we think that the record clearly shows that this fence represented the line agreed upon by Wimer and G. A. Siler. Furthermore, it appears that there was no dispute about the line until a short time before this suit was filed.

We are not disposed to disturb the trial court's finding as to the amount of damages allowed the appellee. We think that the record clearly supports a finding for damages, and we do not think that the amount allowed is excessive in so far as the appellants are concerned. Nor do we think that it is inadequate in so far as the appellee is concerned.

Wherefore, the judgment is affirmed on both the appeal and cross-appeal.